By the Court.
This cause is before the court upon a petition for mandamus, an answer and an agreed statement of facts.
Relatrix is the widow of Chester Nelson, who was injured in the course of his employment by a corporation which was a contributor to the Workmen’s Compensation Fund.
The Industrial Commission paid Chester Nelson $356.25 for temporary total disability and $915.27 for temporary partial disability, or a total of $1271.52, prior to April 17, 1935, when he died as a direct and proximate result of the injury received by him on June 13, 1927.
His widow made application to the Industrial Commission for a death award and the commission granted her $152.68, which was $18.75 for eight and a fraction weeks, the period from the death of her husband to the date of the expiration of an eight-year period from the date of his injury.
The widow filed a petition in mandamus in.this court to compel the Industrial Commission to pay her $1847.32, with interest, being the minimum of $2000 provided by Section 1465-82, Ceneral Code, less the $152.68 paid her as stated.
The agreed statement of facts sets forth that, after the petition was filed in this proceeding, this court decided the case of State, ex rel. Rinehart, v. Industrial Commission, ante, 62, 11 N. E. (2d), 702. That case held that a dependent is entitled to a minimum award of $2000, less any compensation paid to a deceased workman prior to his death and any benefits paid his beneficiaries thereafter. Therefore, the commission having paid $1271.52 to the injured workman during his lifetime and $152.68 to his widow, the answer admits there is due the relatrix'a balance of $575.80, representing the minimum award of- $2000 less deductions totaling $1424.20.
*550 The relatrix maintains that the Industrial Commission is without power to deduct from the minimum award payments made to the deceased during his lifetime, for the reason that such payments of $1271.52 added to the minimum award of $2000 would not exceed the $6500 maximum permitted under Section 1465-82, General Code. She contends that only the $152.68 paid her should be deducted from the $2000 minimum award, and therefore claims there is due her the sum of $1847.32.
Under the statute the commission may exercise its discretion as to the total amount of the award, the minimum award being $2000 and the maximum $6500.
The question before this court was decided in State, ex rel. Rinehart, v. Industrial Commission, supra, and therefore a writ of mandamus is denied upon authority of that case.

Writ denied.

Weygandt, C. J., Matthias, Day, Zimmerman, Williams, Myers and Gorman, JJ., concur.